## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **QUINTON MCDONALD** and **SILVESTER MCDONALD,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   **Civil Action No.:** _____ |
| **GC SERVICES LIMITED PARTNERSHIP, U.S. DEPARTMENT OF EDUCATION,** | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1. Plaintiff Quinton McDonald is a resident of Jefferson County, Alabama, over 19 years of age, and is competent to bring this action.

2. Plaintiff Silvester McDonald is a resident of Jefferson County, Alabama, over 19 years of age, and is competent to bring this action.

3. Defendant GC Services Limited Partnership (hereinafter "GC Services") is a Delaware limited partnership with its principal place of business located in Houston, Texas and was doing business in the Norther District of Alabama at all times material to this Complaint.

4. Defendant U.S. Department of Education ("DOE") is a federal student loan guarantor

of the United States with its principal place of business in Washington, D.C. and was doing business in the Norther District of Alabama at all times material to this Complaint.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

## FACTUAL ALLEGATIONS

6. Plaintiff Quinton McDonald incurred student loan debt with the DOE at some point in the 1990s.

7. On or about February 12, 2009, Plaintiff Quinton McDonald received an offer of settlement from PCR, Inc. on behalf of the DOE to fully satisfy his outstanding student loan debt for a reduced payment, of which Plaintiff Quinton McDonald took advantage, accepted, and timely paid the payment required by PCR on behalf of DOE for full and final settlement of the outstanding DOE debt.

8. After his payment in full satisfaction of the DOE debt, Plaintiff Quinton McDonald knew the debt was paid in full and continued his life pursuits with the knowledge his debt to DOE for his previous student loans was paid.

9. However, after hearing nothing more about the fully satisfied debt with the DOE for more than two (2) years, which would be fully expected due to the loans being paid in full, in October 2012, Plaintiff Quinton McDonald began receiving telephone calls from Defendant GC Services to his cellular telephone, a wireless number he has neither provided to Defendant DOE or Defendant GC Services nor that he has given permission to either Defendant to call.  Defendant GC Services has been calling Quinton McDonald's wireless number on behalf of Defendant DOE.

10. Further, Defendant GC Services has been calling Plaintiff Silvester McDonald regarding this same debt fully satisfied debt on her cellular telephone, a wireless number she has neither provided to Defendant DOE or Defendant GC Services nor that she has given permission to

either Defendant to call. Defendant GC Services has been calling Silvester McDonald's wireless number on behalf of Defendant DOE.

11. Defendant GC Services is sending letters to Plaintiff Silvester McDonald as a debt collector for Defendant DOE in an effort to fraudulently collect upon a fully paid and satisfied debt of Quinton McDonald.

12. Defendant GC Services sent a debt collection letter to Plaintiff Silvester McDonald dated November 6, 2012, in which it falsely and fraudulently claimed the paid for and fully satisfied debt is "in serious default" claiming a balance due of $7086.34 when the balance was fully paid and satisfied in February, 2009.

13. Defendant GC Services sent another debt collection letter to Plaintiff Silvester McDonald dated November 29, 2012, in which it not only falsely and fraudulently claimed the paid for and fully satisfied debt is "seriously defaulted" claiming a balance due of $7093.34 when the balance was fully paid and satisfied in February, 2009 but also admitted in the letter that Defendant GC Services has been attempting to contact Plaintiff Silvester McDonald "by telephone and by mail to resolve your seriously defaulted debt with the U.S. Department of Education."

14. Further, the November 29, 2012 correspondence states, "if we do not hear from you we may pursue other means of collection including administrative wage garnishment." Thus, time is of the essence in this action.

15. Defendant GC Services illegally used an autodialer to call both Plaintiffs' cell phones without permission to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA[1]").

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

16. Further, Defendant GC Services continued to use an autodialer to call both Plaintiffs' cell phones after each Plaintiff expressly revoked any permission GC Services may have thought it had been given to do so.

17. Defendant GC Services illegally used a predictive dialer to call both Plaintiffs' wireless numbers without permission to do so in violation of the TCPA.

18. Further, Defendant GC Services continued to use a predictive dialer to call both Plaintiffs' wireless numbers after Plaintiff expressly revoked any permission GC Services may have thought it had been given to do so.

19. Defendant GC Services illegally used pre-recorded calls to call both Plaintiffs' wireless numbers without permission to do so in violation of the TCPA.

20. Further, Defendant GC Services continued to use pre-recorded calls to call both Plaintiffs' cell phones after each Plaintiff expressly revoked any permission GC Services may have thought it had been given to do so.

21. The volume and type of calls are harassing as the intent and motive behind them are to harass both Plaintiffs.

22. Both Plaintiffs verbally instructed Defendant GC Services to cease and desist making calls to each one's cellular telephone number explaining to Defendant it did not have her permission to call either of them on their cellular telephone and that the debt Defendant was calling them about had been fully paid and satisfied.

23. Each Plaintiff instructed Defendant GC Services not to call him or her on each one's respective cellular telephone, yet Defendant failed and refused to cease calling each Plaintiff on his or her cellular telephone, respectively.

24. However, Defendant GC Services continued to use an autodialer and/or predictive

dialers to make repeated telephone calls to each Plaintiff's cellular telephone and failed and refused to cease the calls even after having been instructed by each Plaintiff to do so.

25.     Defendant GC Services failed and refused to cease and desist the calls to both Plaintiffs' cellular telephones.

26.     All telephone contact by GC Services with Plaintiffs on each one's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

27.     The telephone calls placed by GC Services to Plaintiffs' cellular telephones via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

28.     The telephone number that GC Services used to contact Plaintiffs, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

29.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30.     Neither Quinton McDonald nor Silvester McDonald gave Defendant GC Services express consent to call each one's cellular telephone, and further, repeatedly instructed Defendant not to call them on their respective cellular telephone utilizing an "artificial or prerecorded voice" or calls placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

31.     GC Services did not make telephone calls to either Plaintiffs' cellular phone "for

emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

32. GC Services' telephone calls to Plaintiffs' cellular phones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of either Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

33. Defendant GC Services illegally used a predictive dialer to call both Plaintiffs' cell phones without permission to do so in violation of the Telephone Consumer Protection Act (TCPA). Defendant GC Services illegally used pre-recorded calls to call both Plaintiffs' cell phones without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

34. Neither Quinton McDonald nor Silvester McDonald gave Defendant GC Services express consent to call either's cell phone with an autodialer or with a predictive dialer.

35. Neither Plaintiff ever gave Defendant GC Services permission to call his or her cell phone with pre-recorded calls.

36. The volume and type of calls are harassing as the intent and motive behind them is to harass both Plaintiffs.

37. The above-detailed conduct by Defendant GC Services of harassing the Plaintiffs was also an invasion of each one's privacy by an intrusion upon seclusion and resulted in actual damages to each Plaintiff.

38. This series of abusive collection calls by Defendant GC Services by and through its employees, agents, and/or representatives caused each Plaintiff stress and anguish as a result of these abusive calls.

39. Defendant GC Services' repeated attempts to collect this fully satisfied and paid for debt

from both Plaintiffs, and its refusal to stop violating the law, was an invasion of each Plaintiff's privacy and each one's right to be left alone.

40. Each Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant GC Services in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

41. Defendant GC Services was attempting to collect this debt from each Plaintiff when it knew or should have known by information provided to it through various sources, including Plaintiffs, it did not have express authorization to contact either Plaintiff via a wireless number.

42. Each Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

43. Defendant GC Services is a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

44. Defendant GC Services engaged in "communications" with each Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

45. Defendant GC Services engaged in communications with each Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

46. Defendant GC Services has called each Plaintiff's cellular phone numerous times and left voice mails on Plaintiff's telephone in which Defendant GC Services failed to identify itself it as a debt collector and/or failed to identify itself at all in violation of the FDCPA.

47. Defendant GC Services has called each Plaintiff's wireless number numerous times in an attempt to harass both Plaintiffs into paying an alleged debt in violation of both the FDCPA and Telephone Consumer Protection Act. These calls occurred even after each Plaintiff informed

Defendant it was not to call either of them and that the alleged debt had been fully satisfied and paid.

48. Defendant GC Services was employed and retained by Defendant DOE to perform the debt collection activities it performed stated herein and GC Services' actions in this matter were performed as an agent of Defendant DOE.

49. The numerous calls and the timing of the calls to each Plaintiff are violations of the Fair Debt Collection Practices Act. Further, the volume and type of calls are harassing as the intent and motive behind them is to harass both Plaintiffs into paying Defendants GC Services and DOE for a debt that was previously fully satisfied and paid.

50. The above-detailed conduct by Defendant GC Services of harassing both Plaintiffs in an effort to collect this debt was also an invasion of each one's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

51. This series of abusive collection calls by Defendant GC Services and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

52. The repeated attempts to collect this debt from Plaintiff by Defendants GC Services and DOE and their refusal to stop violating the law was an invasion of each Plaintiff's privacy and each Plaintiff's right to be left alone.

53. Plaintiffs Quinton McDonald and Silvester McDonald have suffered actual damages as a result of these illegal collection communications by Defendants GC Services and DOE in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION
## ACT ("TCPA") 47 U.S.C. § 227, et seq.

54. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

55. Defendant GC Services has repeatedly violated the TCPA by the calls made to Plaintiffs Quinton McDonald and Silvester McDonald, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that have been unleashed against Plaintiffs by Defendant, including but not limited to, the calls to Plaintiffs at all hours of the day and night, including calls to Plaintiffs' wireless numbers.

56. Defendant GC Services has repeatedly violated the TCPA by the calls made to Plaintiffs Quinton McDonald and Silvester McDonald, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiffs by Defendant, including but not limited to, the calls to Plaintiffs' cell phones for which GC Services had no authorization to call.

57. There is no exception or justification for the numerous violations of the TCPA by Defendant GC Services.

58. Each call is a separate violation and entitles Plaintiffs Quinton McDonald and Silvester McDonald to statutory damages against Defendant GC Services in the amount of at least $500.00 per call, and Plaintiffs request that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

59. All actions taken by Defendant GC Services were taken with malice, were done

willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

60. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant GC Services for statutory, actual, compensatory, and/or punitive damages an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiffs pray for further and other just and equitable relief against Defendant GC Services.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

61. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

62. Defendants GC Services and DOE owed a duty to Plaintiff not to place telephone calls to the cellular telephones of Plaintiffs Quinton McDonald and Silvester McDonald in violation of state and/or federal law, not to continually harass them with regard to this debt in violation of state and/or federal law, not to attempt to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint, and not to attempt to collect a debt from them that they did not owe Defendants.

63. Defendant DOE had a duty to properly credit Plaintiff Quinton McDonald's account

and to not to have Defendant GC Services collect upon an alleged debt that was previously fully satisfied and paid.

64. Defendants GC Services and DOE had a duty under Alabama law to act reasonably under the circumstances.

65. Defendant GC Services violated this duty under Alabama law by failing to cease collecting upon a fully satisfied and paid debt and contacting Plaintiffs on their cellular telephones in violation of state and/or federal law and/or by attempting to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint as well as attempting to collect a debt from Plaintiffs they did not and could not owe.

66. Defendants GC Services and DOE each violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as all Defendants refused to comply with all the duties that each Defendant had.

67. Plaintiffs Quinton McDonald and Silvester McDonald have been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiffs Quinton McDonald and Silvester McDonald demands judgment against Defendant GC Services and/or DOE, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.  Further, Plaintiffs pray for further and other just and equitable relief against Defendant GC Services and DOE.

### COUNT III
### NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

68. All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

69. Defendants GC Services and DOE negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiffs and stated herein, and are thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs. The Defendants' employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

70. Defendants GC Services and DOE were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

71. The employees and/or agents of Defendants GC Services and DOE, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

72. The negligent or wanton conduct of those employees and/or agents of Defendants GC Services and DOE while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiffs to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiffs Quinton McDonald and Silvester McDonald demand judgment against Defendant GC Services and/or DOE, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiffs pray for further and other just and equitable relief against Defendants GC Services and DOE..

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

73. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant GC Services violated Alabama law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiffs' cellular telephones without express permission, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiffs in violation of state and/or federal law.

75. Defendant GC Services intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous telephone calls to Plaintiffs' cellular telephone numbers using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiffs in violation of state and/or federal law and by repeatedly and unlawfully attempting to collect a debt and thereby invading Plaintiffs' privacy.

76. Defendant GC Services intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting upon an alleged debt and by repeatedly and unlawfully attempting to collect a debt Plaintiffs do not owe and in the course thereof, thereby invaded Plaintiffs' privacy by invading and intruding upon Plaintiff's right to privacy.

77. Plaintiffs had a reasonable expectation of privacy in each ones' solitude, seclusion, private concerns or affairs, and private financial information.

78. The conduct of Defendant GC Services in engaging in the above-described illegal

conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

79. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to compensatory and/or punitive damages from Defendant GC Services.

80. All the above acts and omissions of Defendant GC Services by and through its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiffs Quinton McDonald and Silvester McDonald demand judgment against Defendant GC Services for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiffs pray for further and other just and equitable relief against Defendant GC Services.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 et seq.

81. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

82. Defendants GC Services and DOE, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendant, dialed Plaintiff's telephone number and left a message on his answering machine without making a meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6).

83. Defendants GC Services and DOE, by and through their agents and/or employees,

while acting in the line and scope of their employment and/or agency with Defendants, dialed Plaintiff's telephone number and left a message on his voice mail without disclosing the communication was from a debt collector in violation of 15 U.S.C. §1692e(11).

84. Debt collectors are prohibited by 15 U.S.C. §1692d(5) from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

85. Defendants GC Services and DOE made numerous and repeated phone calls to the wireless numbers of Plaintiffs repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. §1692d(5).

86. The October and November phone calls and letters of Defendants GC Services and DOE contained false, deceptive, and misleading representations in an attempt to collect a debt from Plaintiffs they do not owe in violation of 15 U.S.C. §1692e.

87. The October and November phone calls and letters of Defendants GC Services and DOE contained false, deceptive, and misleading representations with respect to the character, amount, or legal status of an alleged debt that Plaintiffs did not owe in violation of 15 U.S.C. §1692e(2).

88. In the October and November phone calls and letters of Defendants GC Services and DOE, Defendants threatened to take actions that could not legally be taken, including but not limited to garnishing Plaintiffs' wages for an alleged debt that Plaintiffs do not owe, in violation of 15 U.S.C. §1692e(5).

89. The October and November phone calls and letters of Defendants GC Services and

DOE contained false, deceptive, and misleading representations with respect to the character, amount, or legal status of an alleged debt that Plaintiffs did not owe in violation of 15 U.S.C. §1692e(2).

90. Defendants GC Services and DOE communicated false credit information with respect to the alleged debt Plaintiffs do not owe 15 U.S.C. §§1692e(8).

91. Defendants GC Services and DOEs' actions in this matter as detailed throughout this Complaint constitute unfair collection practices with regard to an alleged debt of Plaintiffs in violation of 15 U.S.C. §1692f.

92. Further, the natural consequence of the conduct of Defendants GC Services and DOE in this matter as detailed throughout this Complaint is to harass, oppress, and abuse Plaintiffs in violation of 15 U.S.C. §1692d.

93. All actions taken by Defendants GC Services and DOE were done willfully, with malice, and were done with either the desire to abuse, annoy, harass, and oppress Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiffs and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

94. Defendants GC Services and DOEs' violations of the FDCPA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

WHEREFORE, Plaintiff demands judgment against Defendant GC Services and/or DOE, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to

be determined by the trier of fact, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding. Further, Plaintiffs pray for further and other just and equitable relief against Defendants GC Services and DOE.

                                                                                                     /s/Wesley L. Phillips  
                                                                                                      Wesley L. Phillips  
                                                                                                      Attorney for Plaintiffs

OF COUNSEL:  
PHILLIPS LAW GROUP, LLC  
Post Office Box 362001  
Birmingham, Alabama 35236  
Telephone: (205) 383-3585  
Facsimile:  (800) 536-0385  
wlp@wphillipslaw.com

Plaintiffs Address:  
589 Hackberry Ridge Trace  
Birmingham, Alabama 35226

## JURY DEMAND

        Plaintiff demands a trial by struck jury.

                                                                                          /s/Wesley L. Phillips  
                                                                                           OF COUNSEL

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

U.S. Department of Education  
c/o Education Department

Office of General Counsel
400 Maryland Avenue SW, Room 6E353
Washington, D.C. 20202

U.S. Department of Education
50 Beale Street, Suite 8629
San Francisco, CA 94105

GC Services Limited Partnership
c/o CT Corporation System
2 North Jackson Street, Suite 650
Montgomery, AL 36104